DECISION
{¶ 1} Appellant, Joseph M. Williams, is appealing from the ruling of the trial court denying his motion to withdraw his guilty pleas entered on June 24, 1997. He presents two assignments of error for our consideration:
 I. THE TRIAL COURT ERRED IN NOT ALLOWING APPELLANT TO WITHDRAW HIS GUILTY PLEA.
 II. APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL. *Page 2 
 {¶ 2} After appellant entered pleas of guilty to two counts of attempted murder and was sentenced to 18 years of incarceration, he moved to withdraw his pleas. A gap of almost six years occurred between the pleas and the date appellant moved to withdraw his pleas. The trial court initially overruled the motion without conducting an evidentiary hearing.
 {¶ 3} This appellate court reversed the trial court's decision and remanded the case for an evidentiary hearing. Following the remand, appellant withdrew his motion, expressing fear that he might receive an even greater sentence if he were successful in having his pleas vacated and proceeded to trial on the attempted murder charges with the firearm specifications with which he was originally indicted.
 {¶ 4} Sixteen months after withdrawing the motion, appellant filed another motion to withdraw his guilty pleas. An evidentiary hearing was conducted, following which the trial court overruled the motion. Once again, appellant has appealed.
 {¶ 5} Motions to withdraw guilty pleas are governed by Crim.R. 32.1, which reads:
 A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea.
 {¶ 6} Appellant has not demonstrated a manifest injustice and therefore has not met the standard set forth in the rule for the withdrawal of a guilty plea. Appellant shot people who knew him. Identity was not an issue. One victim was shot in the face, abdomen and back at point blank range. The other victim was shot four or more times, following which appellant put the gun into the victim's mouth and attempted to fire again. *Page 3 
As to the second victim, a jury verdict of less than attempted murder is inconceivable. As to the first victim, a verdict of less than felonious assault is inconceivable and a verdict for attempted murder was probable. A sentence of 23 years or even 26 years was possible under the circumstances.
 {¶ 7} Appellant entered his guilty pleas originally with hope of receiving some sort of judicial release. For him to be eligible for judicial release, he would have had to receive a sentence of ten or less years. Such a sentence was never likely. We cannot say that the trial court erred in failing to find a manifest injustice under the circumstances. Appellant very well could have benefited significantly from his original plea bargain. He has suffered no injustice, manifest or otherwise.
 {¶ 8} The first assignment of error is overruled.
 {¶ 9} Appellant's original trial counsel clearly did not understand the requirements for judicial release. Counsel's mistake in this regard was a significant lapse from the standards expected of criminal defense counsel. See Strickland v. Washington (1984), 466 U.S. 668,104 S.Ct. 2052. However, original counsel's mistake with regard to judicial release cannot be shown to have harmed appellant. Defense counsel was able to have two firearm specifications removed from the case. Depending upon the length of the encounter in which appellant shot his former friends, the removal of the firearm specifications could have saved appellant as much as six years of incarceration to be served prior to his incarceration as the result of the underlying offenses for which he was guilty. Appellant could have received a sentence of as much as 26 years had he been convicted of both charges of attempted murder, each with a three-year firearm specification. *Page 4 
 {¶ 10} Given the facts in the record, appellant had no viable defense. His identity was known by the victims. He administered what could have been fatal wounds with repeated, point blank shootings. He attempted to finish off one victim by sticking the firearm into the victim's mouth and pulling the trigger.
 {¶ 11} For counsel to be ineffective for purposes of theSixth Amendment to the United States Constitution, counsel's conduct must have prejudiced the defendant. See Strickland, idem. Again, nothing in the record before us demonstrates that appellant's defense counsel did anything which prejudiced appellant.
 {¶ 12} The second assignment of error is overruled.
 {¶ 13} Both assignments of error having been overruled, the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
KLATT and FRENCH, JJ., concur. *Page 1